UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DARRIN LAPINE,

      Plaintiff,

v.

RANDEE REWERTS et al.,

      Defendants.
_____/

Case No 1:18-cv-1447

Honorable Gordon J. Quist

## **OPINION**

This is a civil rights action brought by a state prisoner. Under Federal Rule of Civil Procedure 21, the Court is permitted to drop parties *sua sponte* when the parties have been misjoined. Pursuant to that rule, the Court will drop as misjoined Defendants Rewerts, Freed, Rohrig, Becher, and Loomis and dismiss Plaintiff's claims against them without prejudice.

### **Discussion**

    I.    <u>Factual allegations</u>

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Saginaw Correctional Facility (SRF) in Freeland, Michigan. The events of which he complains, however, occurred at the Carson City Correctional Facility (DRF). He arrived at DRF on November 30, 2018. (Compl., ECF No. 1, PageID.3.) Plaintiff sues DRF Warden Randee Rewerts, Corrections Officer Unknown Freed, Lakeland Correctional Facility Grievance Coordinator Unknown Rohrig, DRF Grievance Coordinator Unknown Becher, MDOC Regional Medical Director Unknown McIntyre, DRF Physician Assistant Kyle Sperling, DRF Corrections Officer Unknown Smith, DRF Licensed Practical Nurse Unknown Nelson, Registered Nurse

Verschure, DRF Corrections Officers Unknown Braman and Unknown Party, Henry Ford Allegiance Hospital Physician Assistant Unknown Peeters, Henry Ford Allegiance Hospital Doctor Amritra Loganathan, DRF Registered Nurse Jeanne Bean, DRF Sergeant Unknown Fidler, DRF Psychologist Unknown Stephan, DRF Registered Nurse Unknown Sparks, and DRF Librarian Unknown Loomis.

Plaintiff has filed many lawsuits in this district. In at least three of them, Plaintiff's claims were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim. *See LaPine v. Chippewa Cnty. Corr. Facility et al.*, 2:10-cv-238 (W.D. Mich. Aug. 5, 2011); *LaPine v. Atterberry et al.*, No. 1:06-cv-647 (W.D. Mich. Dec. 11, 2006); *LaPine v. Rubitschun et al.*, No. 1:06-cv-249 (W.D. Mich. May 8, 2006). Because Plaintiff has accumulated three such "strikes," he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g) unless he is able to establish that he is under imminent danger of serious physical injury. Plaintiff suffers chronic health problems with his back and his right wrist. In several lawsuits, including this one, Plaintiff has offered one or both of those problems as the source of imminent danger of serious physical injury that permits him to proceed *in forma pauperis* despite his three strikes. (Compl., ECF No. 1, PageID.2.)[1]

Plaintiff's complaint chronicles everything that happened to him from the date he arrived at DRF, November 30, 2018, to the date he filed his complaint, December 27, 2018. The instant complaint follows the same format as Plaintiff's other complaints: he provides a chronological, day-by-day account of his life and then, in designated counts, places the various

---

[1] Plaintiff offered his back problems as presenting an imminent danger of serious physical injury in *LaPine v. Unknown CFA Transfer Coordinator et al.*, No. 2:19-cv-10095 (E.D. Mich.), *LaPine v. Lincoln et al.*, No. 1:19-cv-120 (W.D. Mich), *LaPine v. Corizon Inc. et al.*, No. 1:18-cv-102 (W.D. Mich.), and *LaPine v. Waino et al.*, No. 2:17-cv-49 (W.D. Mich.). Plaintiff offered his back and wrist problems as presenting an imminent danger of serious physical injury in *LaPine v. Johnson et al.*, No. 1:17-cv-768 (W.D. Mich.), and *LaPine v. Corizon, Inc.*, No. 2:18-cv-10750 (E.D. Mich.).

Defendants into groups based on the nature of the constitutional wrongs they have perpetrated against him during the described time frame. Plaintiff separates the Defendants in this complaint into three groups: (1) Defendants who retaliated against Plaintiff for engaging in conduct protected by the First Amendment (Defendants Rewerts and Freed); (2) Defendants who interfered with Plaintiff's access to the courts (Defendants Rohrig, Becher, and Loomis); and (3) Defendants who were deliberately indifferent to Plaintiff's serious medical needs, either the needs posed by Plaintiff's chronically painful and newly reinjured right wrist (Defendants Sperling, Smith, Nelson, Verschure, Braman, Unknown Transportation Corrections Officer, Peeters, Loganathan, Bean, Stephan, and Sparks) or other needs (Defendants McIntyre and Sperling). Plaintiff's allegations relating to each of these groups are described below.

### A. Retaliation (Defendant Rewerts and Freed)

Plaintiff alleges that the day he arrived at DRF, Defendant Freed let Plaintiff know that Freed was aware of Plaintiff's litigation history and that DRF personnel knew how to deal with the likes of Plaintiff. Plaintiff contacted attorneys by telephone and email regarding Freed. Freed confronted Plaintiff and recited facts that Plaintiff had provided in his calls and emails to his attorneys. Plaintiff wrote Defendant Rewerts about Freed, but he did not receive a response.

On December 6, 2018, Freed told Plaintiff that, in light of Plaintiff's complaints, Plaintiff would be taught a lesson. Later that day, at lunch, a black inmate threatened Plaintiff. Plaintiff sent a statement to Defendant Rewerts about the situation, but never got a response.

Freed continued to threaten and harass Plaintiff.

On December 11, 2018, Plaintiff returned to his cell and found his television damaged and his legal materials torn up. The next day, at breakfast, he complained to Sergeant Fidler. Plaintiff indicated he wanted to speak with shift command. Plaintiff spoke to Assistant

Residential Unit Supervisor Hoffman. Hoffman did nothing. Plaintiff spoke to Defendant Fidler again at lunch. Fidler pulled Plaintiff and Freed aside in a storage room. Plaintiff was made to repeat his accusation to Freed. Freed denied everything.

### B. Access to the Courts (Defendants Rohrig, Becher, and Loomis)

Plaintiff alleges that five times he wrote Defendant Becher to obtain grievance paperwork to complain about Freed, but Plaintiff received no response. On one occasion, Plaintiff sent a grievance request to Defendant Becher to complain about Defendant Sperling, but received no response. Once, Plaintiff sent a grievance request to Defendant Rohrig to complain about Defendant McIntyre and Brooks Correctional Facility personnel, Dr. Johnston and Nurse Hill, but received no response. Plaintiff alleges further that Defendant Loomis provided Plaintiff only one hour of law library time, which was insufficient for Plaintiff's purposes. Defendant Loomis denied Plaintiff a legal writer.

### C. Deliberate Indifference to Serious Medical Needs

Plaintiff identifies two medical needs to which the Defendants were deliberately indifferent. Defendants McIntyre and Sperling insisted on providing Cymbalta to Plaintiff despite the fact that it was ineffective in treating Plaintiff's pain and caused adverse side effects. Defendants Sperling, Smith, Nelson, Verschure, Braman, Unknown Transportation Corrections Officer, Peeters, Loganathan, Bean, Stephan, and Sparks were deliberately indifferent to the serious medical need related to Plaintiff's right wrist.

On December 11, 2018, Plaintiff's wrist slammed into a door frame. Plaintiff heard a crack and felt immediate and severe pain. His hand and wrist swelled to twice their normal size. Plaintiff showed his wrist to Corrections Officer Smith, Nurse Nelson, and Nurse Verschure. He

was instructed to wait in the waiting area. Eventually Smith told Plaintiff to prepare a kite so he could receive treatment. Plaintiff said he could not. He was told to go back to his unit.

Once in his unit, Plaintiff was told to report to the control center for an offsite medical appointment. He was told he would see a back surgeon. Before Plaintiff left, Defendant Sperling looked at Plaintiff's wrist, acknowledged it looked broken, but offered no treatment. Plaintiff complained to the transporting officers, Braman and the unknown officer, about his wrist, particularly because the handcuffs were causing Plaintiff pain. The transportation officers said they did not work in medical.

Plaintiff was transported to Henry Ford Allegiance Hospital, the neurosurgery department. Plaintiff was examined by Physician Assistant Peeters and Doctor Loganathan. Both acknowledged that Plaintiff's wrist required immediate attention. Neither provided any treatment. When Plaintiff raised the issue with the transportation officers again, they replied that they only provided transport, not medical treatment.

Upon Plaintiff's return to DRF, he was examined by Nurse Bean. She refused to provide any treatment. The next day, Plaintiff told Defendant Fidler and Defendant Psychologist Stephan about his wrist. Psychologist Stephan indicated that she would make sure Plaintiff received medical attention. A medical appointment for Plaintiff's hand was scheduled on December 14. Defendant Nurse Sparks cancelled that appointment.

On December 17, Plaintiff was seen by Dr. Holmes. Dr. Holmes ordered x-rays. Nurse Verschure ordered ace wraps and a splint. The x-rays were taken on December 18. Nonetheless, Defendant Sperling cancelled Plaintiff's appointment. On December 19, Plaintiff was seen for his wrist pain as an emergency patient.

Plaintiff has recently been transferred to the Saginaw Correctional Facility (SRF) in Freeland, Michigan, apparently in anticipation of being released on parole.[2]

II.     Misjoinder

The joinder of claims, parties, and remedies is "strongly encouraged" when appropriate to further judicial economy and fairness. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). This does not mean, however, that parties should be given free rein to join multiple plaintiffs and multiple defendants into a single lawsuit when the claims are unrelated. *See, e.g., Pruden v. SCI Camp Hill*, 252 F. App'x 436, 437 (3d Cir. 2007) (per curiam); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997); *Proctor v. Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009) (adopting magistrate judge's report).

Federal Rule of Civil Procedure 20(a) limits the joinder of parties in single lawsuit, whereas Federal Rule of Civil Procedure 18(a) limits the joinder of claims. Rule 20(a)(2) governs when multiple defendants may be joined in one action: "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Rule 18(a) states: "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party."

Courts have recognized that, where multiple parties are named, as in this case, the analysis under Rule 20 precedes that under Rule 18:

> Rule 20 deals solely with joinder of parties and becomes relevant only when there is more than one party on one or both sides of the action. It is not concerned with

---
[2] *See LaPine v. Corizon, Inc. et al.*, No. 1:18-cv-102 (Stip. & Order, ECF No. 40, PageID.295-296).

joinder of claims, which is governed by Rule 18. Therefore, in actions involving multiple defendants Rule 20 operates independently of Rule 18. . . .

Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all.

7 Charles Allen Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice & Procedure Civil § 1655 (3d ed. 2001), *quoted in Proctor*, 661 F. Supp. 2d at 778, and *Garcia v. Munoz*, No. 08-1648, 2007 WL 2064476, at *3 (D.N.J. May 14, 2008); *see also Neitzke v. Williams*, 490 U.S. 319, 328 (1989) (joinder of defendants is not permitted by Rule 20 unless both commonality and same transaction requirements are satisfied).

Therefore, "a civil plaintiff may not name more than one defendant in his original or amended complaint unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact." *Proctor*, 661 F. Supp. 2d at 778. When determining if civil rights claims arise from the same transaction or occurrence, a court may consider a variety of factors, including, "the time period during which the alleged acts occurred; whether the acts . . . are related; whether more than one act . . . is alleged; whether the same supervisors were involved, and whether the defendants were at different geographical locations." *Id.* (quoting *Nali v. Michigan Dep't of Corrections*, 2007 WL 4465247, at *3 (E.D. Mich. Dec. 18, 2007)).

Permitting improper joinder in a prisoner civil rights action also undermines the purpose of the PLRA, which was to reduce the large number of frivolous prisoner lawsuits that were being filed in the federal courts. *See Riley v. Kurtz*, 361 F.3d 906, 917 (6th Cir. 2004). Under the PLRA, a prisoner may not commence an action without prepayment of the filing fee in some form. *See* 28 U.S.C. § 1915(b)(1). These "new fee provisions of the PLRA were designed to deter

frivolous prisoner litigation by making all prisoner litigants feel the deterrent effect created by liability for filing fees." *Williams v. Roberts*, 116 F.3d 1126, 1127-28 (5th Cir. 1997). The PLRA also contains a "three-strikes" provision requiring the collection of the entire filing fee after the dismissal for frivolousness, etc., of three actions or appeals brought by a prisoner proceeding in forma pauperis, unless the statutory exception is satisfied. 28 U.S.C. § 1915(g). The "three strikes" provision was also an attempt by Congress to curb frivolous prisoner litigation. *See Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998).

The Seventh Circuit has explained that a prisoner like Plaintiff may not join in one complaint all of the defendants against whom he may have a claim, unless the prisoner satisfies the dual requirements of Rule 20(a)(2):

> Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that [a multi]--claim, [multi]-defendant suit produce[s] but also to ensure that prisoners pay the required filing fees--for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g) . . . .
>
> A buckshot complaint that would be rejected if filed by a free person -- say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions -- should be rejected if filed by a prisoner.

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also Brown v. Blaine*, 185 F. App'x 166, 168-69 (3d Cir. 2006) (allowing an inmate to assert unrelated claims against new defendants based on actions taken after the filing of his original complaint would have defeated the purpose of the three strikes provision of PLRA); *Patton v. Jefferson Correctional Center*, 136 F.3d 458, 464 (5th Cir. 1998); *Shephard v. Edwards*, 2001 WL 1681145, *1 (S.D. Ohio Aug. 30, 2001) (declining to consolidate prisoner's unrelated various actions so as to allow him to pay one filing fee, because it "would improperly circumvent the express language and clear intent of the 'three strikes'

8

provision"); *Scott v. Kelly*, 107 F. Supp. 2d 706, 711 (E.D. Va. 2000) (denying prisoner's request to add new, unrelated claims to an ongoing civil rights action as an improper attempt to circumvent the PLRA's filing fee requirements and an attempt to escape the possibility of obtaining a "strike" under the "three strikes" rule). To allow Plaintiff to proceed with improperly joined claims and defendants in a single action would permit him to circumvent the PLRA's filing fee provisions and allow him to avoid having to incur a "strike" for purposes of by § 1915(g), should his claims turn out to be frivolous.

The crux of Plaintiff's complaint—and the source of the imminent danger of injury that permits him to proceed *in forma pauperis*—are the claims where Plaintiff contends that certain Defendants are being deliberately indifferent to his serious medical needs. Those claims all bear some relationship to each other. But, Plaintiff's deliberate indifference claims are not transactionally related to his claims against Defendants Rewerts and Freed for retaliation nor are they transactionally related to Plaintiff's claims against Rohrig, Becher, or Loomis for interference with access to the courts. In other words, apart from the fact that all the claims in this action involve Plaintiff's civil rights and accrued during December of 2018 at DRF, there is no common question of law or fact between the deliberate indifference medical claims and Plaintiff's First Amendment claims. Accordingly, Plaintiff's claims against Defendants Rewerts, Freed, Rohrig, Becher, and Loomis are not properly joined to the claims against the other Defendants.

Plaintiff has been warned, repeatedly, that he may not file the sort of scattershot, month-in-the-life complaints like the one he filed in this case. *See LaPine v. Corizon, Inc. et al.*, No. 1:18-cv-102 (Op., ECF No. 4, PageID.59); *LaPine v. Johnson et al.*, No. 1:17-cv-768 (Op., ECF No. 4, PageID.65). Nonetheless, he persists in filing complaints that join unrelated claims.

9

Under Rule 21 of the Federal Rules of Civil Procedure, "[m]isjoinder of parties is not a ground for dismissing an action." Instead, Rule 21 provides two remedial options: (1) misjoined parties may be dropped on such terms as are just; or (2) any claims against misjoined parties may be severed and proceeded with separately. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 572-573 (2004) ("By now, 'it is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time . . . .'"); *DirecTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006); *Carney v. Treadeau*, No. 07-cv-83, 2008 WL 485204, at *2 (W.D. Mich. Feb. 19, 2008); *Coal. to Defend Affirmative Action v. Regents of Univ. of Mich.*, 539 F. Supp. 2d 924, 940 (E.D. Mich. 2008); *see also Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 682 (6th Cir. 1988) ("[D]ismissal of claims against misjoined parties is appropriate."). "Because a district court's decision to remedy misjoinder by dropping and dismissing a party, rather than severing the relevant claim, may have important and potentially adverse statute-of-limitations consequences, the discretion delegated to the trial judge to dismiss under Rule 21 is restricted to what is 'just.'" *DirecTV*, 467 F.3d at 845.

At least three judicial circuits have interpreted "on such terms as are just" to mean without "gratuitous harm to the parties." *Strandlund v. Hawley*, 532 F.3d 741, 745 (8th Cir. 2008) (quoting *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000)); *see also DirecTV*, 467 F.3d at 845. Such gratuitous harm exists if the dismissed parties lose the ability to prosecute an otherwise timely claim, such as where the applicable statute of limitations has lapsed, or the dismissal is with prejudice. *Strandlund*, 532 F.3d at 746; *DirecTV*, 467 F.3d at 846-47; *Michaels Bldg. Co.*, 848 F.2d at 682.

In this case, Plaintiff brings his causes of action against the improperly joined defendants under 42 U.S.C. § 1983. For civil rights suits filed in Michigan under § 1983, the

statute of limitations is three years. *See* Mich. Comp. Laws § 600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999). Furthermore, "Michigan law provides for tolling of the limitations period while an earlier action was pending which was later dismissed without prejudice." *Kalasho v. City of Eastpointe*, 66 F. App'x 610, 611 (6th Cir. 2003).

All of the actions about which Plaintiff complains occurred in 2018, well within the three-year period of limitations. Those claims are not at risk of being time-barred. Plaintiff therefore will not suffer gratuitous harm if the improperly joined Defendants are dropped and the claims against them dismissed. Accordingly, the Court will exercise its discretion under Rule 21 and drop Defendants Rewerts, Freed, Rohrig, Becher, and Loomis from the action, and dismiss Plaintiff's claims against them without prejudice to the institution of new, separate lawsuits by Plaintiff.[3] *See Coughlin*, 130 F.3d at 1350 ("In such a case, the court can generally dismiss all but the first named plaintiff without prejudice to the institution of new, separate lawsuits by the dropped plaintiffs."); *Carney*, 2008 WL 485204, at *3 (same).

### III. "Supplemental" Pleadings

Since filing his complaint, Plaintiff has three times filed "supplements" to update the Court on events that have occurred since he filed the complaint. (ECF Nos. 4, 8, and 9.) In his supplements, Plaintiff continues to chronicle his day-to-day existence at DRF. In his first supplement Plaintiff complains that he was assaulted on December 31, 2018. The assaulter and Plaintiff were written tickets for fighting.

---

[3] Plaintiff is cautioned, again, that he must limit all future actions to Defendants who are transactionally related to one another.

Plaintiff's second supplement extends his complaint from December 28, 2018, to January 11, 2019. Plaintiff provides additional detail regarding the December 31 assault. Plaintiff also provides additional detail regarding the treatment for his wrist injury. Finally, Plaintiff recounts additional wrongs perpetrated against him by Defendant Freed and Corrections Officer Miller. Plaintiff's third supplement reiterates some of the information from the second supplement and then brings the Court current with respect to events from January 11 to January 25.

Plaintiff may not file supplemental pleadings without permission of this Court. Fed. R. Civ. P. 15(d). Accordingly, the Court has not considered Plaintiff's "supplemental" allegations. If Plaintiff desires to supplement his complaint, he must file a motion under Rule 15(d).

## **Conclusion**

For the foregoing reasons, Defendants Rewerts, Freed, Rohrig, Becher, and Loomis will be dropped from this action because they are misjoined, and Plaintiff's claims against them will be dismissed without prejudice.

Dated: March 15, 2019　　　　　　　　　　　　　　　/s/ Gordon J. Quist
　　　　　　　　　　　　　　　　　　　　　　　　GORDON J. QUIST
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE