UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DARRIN LAPINE,

        Plaintiff,

v.

RANDEE REWERTS et al.,

        Defendants.
_____/

Case No. 1:18-cv-1447

Honorable Gordon J. Quist

## **OPINION**

      This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants McIntyre, Smith, Nelson, Verschure, Braman, Unknown Party-Transportation Corrections Officer, Peeters, Loganathan, Fidler, Stephan, and Sparks.[1] The Court will also dismiss Plaintiff's Eighth Amendment claim against Defendants McIntyre and Sperling regarding

---

[1] The Court previously dropped as parties Defendants Rewerts, Freed, Rohrig, Becher, and Loomis, and dismissed without prejudice Plaintiff's claims against them.

the continued use of Cymbalta to treat Plaintiff's pain. Plaintiff's Eighth Amendment claims against Defendant Sperling and Defendant Bean relating to Plaintiff's wrist injury remain.

## Discussion

I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Saginaw County Correctional Facility (SRF) in Freeland, Michigan. The events about which he complains, however, occurred at the Carson City Correctional Facility (DRF) in Carson City, Michigan.

Plaintiff sues MDOC Regional Medical Director Unknown McIntyre, DRF Physician Assistant Kyle Sperling, DRF Corrections Officer Unknown Smith, DRF Licensed Practical Nurse Unknown Nelson, DRF Registered Nurse Verschure, DRF Corrections Officers Unknown Braman and Unknown Party, Henry Ford Allegiance Hospital Physician Assistant Unknown Peeters, Henry Ford Allegiance Hospital Doctor Amritra Loganathan, DRF Registered Nurse Jeanne Bean, DRF Sergeant Unknown Fidler, DRF Psychologist Unknown Stephan, and DRF Registered Nurse Unknown Sparks.

Plaintiff's complaint chronicles everything that happened to him from the date he arrived at DRF, November 30, 2018, to the date he filed his complaint, December 27, 2018. Plaintiff identifies two medical needs which the Defendants were deliberately indifferent to during that time period. Defendants McIntyre and Sperling were deliberately indifferent to Plaintiff's serious medical needs when they insisted on providing Cymbalta to Plaintiff despite the fact that it was ineffective in treating Plaintiff's pain and caused adverse side effects. Defendants Sperling, Smith, Nelson, Verschure, Braman, Unknown Transportation Corrections Officer, Peeters,

Loganathan, Bean, Stephan, and Sparks were deliberately indifferent to the serious medical need related to Plaintiff's right wrist.

It appears that Plaintiff came to DRF with a prescription for Cymbalta to treat back pain. Plaintiff alleges that Defendant McIntyre initially prescribed the Cymbalta. Plaintiff did not want to take Cymbalta. He asserts that he tried it before while he was housed in the Wayne County Jail. He recalls that it did not help with pain and it caused severe side effects such as psychotic thoughts, sleeplessness, heavy sweating, and nausea. He started to experience those side effects. He sent kites asking to contact Defendant McIntyre to no avail.

On December 5, 2018, Plaintiff asked Defendant Sperling for a different pain drug. Sperling told Plaintiff that after reviewing Plaintiff's file, Sperling would not change the drug.

On December 11, 2018, Plaintiff's wrist slammed into a door frame. Plaintiff heard a crack and felt immediate and severe pain. His hand and wrist swelled to twice their normal size. Plaintiff showed his wrist to Corrections Officer Smith, Nurse Nelson, and Nurse Verschure. He was instructed to wait in the waiting area. Eventually Smith told Plaintiff to prepare a kite so he could receive treatment. Plaintiff said he could not. He was told to go back to his unit.

Once in his unit, Plaintiff was told to report to the control center for an offsite medical appointment. He was told he would see a back surgeon. Before Plaintiff left, Defendant Sperling looked at Plaintiff's wrist, acknowledged it looked broken, but offered no treatment. Plaintiff complained to the transporting officers, Braman and the unknown officer, about his wrist, particularly because the handcuffs were causing Plaintiff pain. The transportation officers said they did not work in medical.

Plaintiff was transported to Henry Ford Allegiance Hospital, the neurosurgery department. Plaintiff was examined by Physician Assistant Peeters and Doctor Loganathan. Both

acknowledged that Plaintiff's wrist required immediate attention. Neither provided any treatment. When Plaintiff raised the issue with the transportation officers again, they replied that they only provided transport, not medical treatment.

Upon Plaintiff's return to DRF, he was examined by Nurse Bean. She refused to provide any treatment. The next day, Plaintiff told Defendant Fidler and Defendant Psychologist Stephan about his wrist. Psychologist Stephan indicated that she would make sure Plaintiff received medical attention. A medical appointment for Plaintiff's hand was scheduled on December 14. Defendant Nurse Sparks cancelled that appointment.

On December 17, Plaintiff was seen by Dr. Holmes. Dr. Holmes ordered x-rays. Nurse Verschure ordered ace wraps and a splint. The x-rays were taken on December 18. Nonetheless, Defendant Sperling cancelled Plaintiff's appointment. On December 19, Plaintiff was seen for his wrist pain as an emergency patient.

Plaintiff seeks compensatory and punitive damages as well as declaratory and injunctive relief.

II.  Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately

5

indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004). If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore*, 390 F.3d at 898, the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment," *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Id.* at 105-06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995); *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). If "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Rouster v. Saginaw Cty.*, 749 F.3d 437, 448 (6th Cir. 2014); *Perez v. Oakland Cty.*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006); *Edmonds v. Horton*, 113 F. App'x 62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440 (6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998). "Where the claimant received

7

treatment for his condition, as here, he must show that his treatment was 'so woefully inadequate as to amount to no treatment at all.'" *Mitchell v. Hininger*, 553 F. App'x 602, 605 (6th Cir. 2014) (quoting *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011)). He must demonstrate that the care he received was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *See Miller v. Calhoun Cnty.*, 408 F.3d 803, 819 (6th Cir. 2005) (quoting *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989)).

### A. Cymbalta

There can be no question that Plaintiff has been treated for his back pain. He alleges that he saw a neurosurgeon and he has reported to the Court that he has been scheduled for surgery. He does not complain that he received no treatment, he complains that he wants different treatment.

The fact that Defendants McIntyre and Sperling settled on Cymbalta rather than the drug Plaintiff would prefer does not support his claim that they were deliberately indifferent to Plaintiff's serious medical needs. *See Moses v. Coble,* 23 F. App'x 391, 392 (6th Cir. 2001) (where a prisoner alleged that he suffered pain from his serious back problems due to defendants' refusal to provide anything beyond over-the-counter pain medication, the court affirmed the dismissal of the complaint as "clearly frivolous."); *Mabry v. Antonini*, 289 F. App'x 895, 902 (6th Cir. 2008) ("Mabry's claim against Dr. Antonini is merely a complaint that he did not order specific tests, or provide specific medications, treatment, or dosages. Such an assertion does not state a constitutional claim of deliberate indifference as to serious medical needs."); *Clark v. Frontera*, No. 2:06-cv-40, 2008 WL 3833407, at *5 (W.D. Mich. Aug. 13, 2008) ("In this case, Plaintiff was receiving Tylenol for his back pain, but claimed that he required stronger medication to relieve his pain . . . such claims do not rise to the level of an Eighth Amendment violation."). Accordingly,

Plaintiff has failed to state a claim against Defendants McIntyre and Sperling with regard to the prescription for Cymbalta.

### B.     Wrist Pain

Plaintiff's allegations regarding his wrist pain satisfy the objective component of a deliberate indifference claim. He alleges repeatedly that the medical professionals who examined his wrist recognized the need for treatment. But, his claims against most of the Defendants fall short with respect to the subjective component. Moreover, he has failed to allege that Physician Assistant Peeters or Dr. Loganathan acted under color of state law.

#### 1.     color of state law

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). In order for a private party's conduct to be under color of state law, it must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Street*, 102 F.3d at 814. There must be "a sufficiently close nexus between the State and the challenged action of [the defendant] so that the action of the latter may be fairly treated as that of the State itself." *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). Plaintiff has not presented any allegations by which the hospital physician assistant's or hospital doctor's conduct could be fairly attributed to the State.

The fact that Defendants Peeters and Loganathan may be paid with public funds for their services and that they are licensed by the state does not render them "state actors" for purposes of § 1983. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 840 (1982) (nonprofit, privately operated

9

school's receipt of public funds did not make its employee discharge decisions acts of state subject to suit under federal statute governing civil action for deprivation of rights); *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006) (allegation that hospital and social worker were subject to state licensing was insufficient to support finding that defendants were acting under color of state law); *Adams v. Vandemark*, 855 F.2d 312, 315-16 (6th Cir. 1988) (fact that nonprofit corporation was funded almost entirely by public sources, and was subject to state regulation, without more, is insufficient to make private entity's decision to discharge employees attributable to state for purpose of § 1983 action). Further, even if Defendants treated Plaintiff at the state's request and expense, they did not thereby become state actors. *See Rendell-Baker*, 457 U.S. at 841 ("private contractors do not become the acts of the government by reason of their significant or even total engagement in performing public contracts"); *Bell v. Mgmt. & Training Corp.*, 112 F. App'x 219, 223 (6th Cir. 2005) (private company operating state corrections facilities is not a state actor). Plaintiff has alleged no facts from which the Court might infer that Defendants Peeters and Loganathan are state actors; therefore, Plaintiff has failed to state a claim against them.

2. deliberate indifference

To properly allege the subjective component of an Eighth Amendment claim, Plaintiff must allege facts that show that the Defendants were aware of a substantial risk of serious harm yet they disregarded that risk. The first Defendants to consider Plaintiff's wrist injury—Defendants Smith, Nelson, and Vershure—all acknowledged that it appeared to be serious. But, the allegations in Plaintiff's complaint do not support an inference that those Defendants disregarded that risk. To the contrary, they sent Plaintiff back to his unit where he was taken to a scheduled visit to the hospital.

Plaintiff's allegations also do not support that the transportation officers disregarded Plaintiff's wrist injury. They took Plaintiff to a hospital where he was examined by medical professionals. Moreover, upon Plaintiff's return to DRF, he was examined by Defendant Bean, a nurse. Defendants Braman and the unknown transportation officer are corrections officers. What more could they do than bring Plaintiff to medical professionals? They did so. Plaintiff has failed to allege facts from which the Court could infer that the transportation officers were deliberately indifferent to Plaintiff's serious medical need.

Before Plaintiff left for the hospital, Defendant Sperling examined Plaintiff's wrist, but provided no treatment. After Plaintiff returned, an appointment was scheduled with Defendant Sperling, but Sperling cancelled the appointment. Similarly, with regard to Nurse Bean, she examined Plaintiff upon his return from the hospital, but did nothing. From those facts, the Court could infer that Defendant Sperling and Defendant Bean were aware of a risk of harm and disregarded it.

That combination of awareness of risk and disregard does not extend to any of the other Defendants. Plaintiff told Defendants Fidler and Stephan about his wrist problem. They were aware of the risk, but Plaintiff does not allege facts to show that they disregarded that risk. Plaintiff was scheduled to visit healthcare the day after he told them. Plaintiff alleges that Defendant Sparks cancelled that appointment, but he does not allege that Defendants Fidler or Stephan were aware of the cancellation and, then, took no action.

Moreover, Plaintiff names Nurse Sparks as a defendant because she cancelled the appointment, but he does not allege facts to show she was aware of a substantial risk of serious harm or that she disregarded such a risk. Plaintiff's allegations against Nurse Sparks consist, in their entirety, of the following: "On 12/14/18 RN Sparks cancelled Plaintiff's medical appointment

11

for his hand/wrist [which] Plaintiff had been complaining to staff and administration about since 12/11/18." (Compl., ECF No. 1, PageID.10.)

The only other involvement of these Defendants in Plaintiff's care occurred on December 17, 2018. On that date, Plaintiff saw Dr. Holmes and Nurse Verschure. Dr. Holmes ordered x-rays and Defendant Verschure ordered ace wraps and a splint for Plaintiff. Nurse Verschure's actions on December 17 do not support an inference that she disregarded a substantial risk of serious harm to Plaintiff.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants McIntyre, Smith, Nelson, Verschure, Braman, Unknown Party, Peeters, Loganathan, Fidler, Stephan, and Sparks will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also dismiss, for failure to state a claim, the Plaintiff's Eighth Amendment deliberate indifference claim against Defendants McIntyre and Sperling based on the prescription for Cymbalta. Plaintiff's deliberate indifference claims against Defendants Bean and Sperling relating to Plaintiff's wrist injury remain in the case.

An order consistent with this opinion will be entered.

Dated: March 15, 2019 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE