UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRIN LAPINE #305535,

    Plaintiff,　　　　　　　　　　　　　　　Case No. 1:18-CV-1447

v.　　　　　　　　　　　　　　　　　　　　　HON. GORDON J. QUIST

RANDEE REWERTS, et al.,

    Defendants.
_____/

**ORDER REJECTING REPORT AND RECOMMENDATION**

    This is a civil rights action brought by state prisoner, Darrin LaPine, pursuant to 42 U.S.C. § 1983.  Defendant Sperling filed a Motion for Summary Judgment Based Solely on the Failure to Exhaust Administrative Remedies.  (ECF No. 26.)  Defendant Bean also filed a Motion for Summary Judgment on the Basis of Exhaustion.  (ECF No. 37.) On February 19, 2020, U.S. Magistrate Judge Ray Kent issued a Report and Recommendation (R. & R.), recommending that Defendants' motions be granted and that this matter be dismissed. (ECF No. 47.)  LaPine subsequently filed an objection. (ECF No. 48.)

    Upon receiving objections to the R. & R., the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  After conducting a de novo review of the R. & R., the objections, and the pertinent portions of the record, the Court concludes that the R. & R. should be rejected.

    LaPine objects to the magistrate judge's conclusion that he did not exhaust his available administrative remedies.  In reaching this conclusion, the magistrate judge disregarded LaPine's

purported affidavits because the documents (1) were not notarized; (2) were not sworn properly pursuant to 28 U.S.C. §1746; (3) were based on information and/or belief; and (4) contained hearsay.[1]  Because of these deficiencies in the purported affidavits, the magistrate judge was correct to not consider them at the summary judgment stage.

Despite LaPine erroneously criticizing the magistrate judge's decision, he has now filed a third affidavit that is notarized and properly sworn under penalty of perjury.  Pursuant to 28 U.S.C. § 636(b)(1), the Court has discretion to consider evidentiary materials presented for the first time in objections to an R. & R.  *Muhammad v. Close*, No. 08-1944, 2009 WL 8755520, at *2 (6th Cir. Apr. 20, 2009).  In the instant case, this Court will exercise its discretion and consider the third affidavit because it is largely consistent with the first two affidavits. LaPine attempted to file grievances but the grievance coordinator never responded.  LaPine subsequently asked a prison counselor to contact the grievance coordinator, but the grievance coordinator still refused to permit LaPine to file a grievance. Because this newly filed affidavit creates a question of material fact as to whether LaPine exhausted his *available* remedies, Defendants' motions for summary judgment will be denied.

**Accordingly, IT IS HEREBY ORDERED** that the February 19, 2020, Report and Recommendation (ECF No. 47) is **rejected.**

**IT IS FURTHER ORDERED** that Defendant Sperling's motion for summary judgment (ECF No. 26) and Defendant Bean's motion for summary judgment (ECF No. 37) are **DENIED**

Dated: April 29, 2020                                   /s/ Gordon J. Quist
                                                                        GORDON J. QUIST
                                                            UNITED STATES DISTRICT JUDGE

---

[1] LaPine filed the first affidavit before either motion for summary judgment was filed. (ECF No. 21.) LaPine filed the second affidavit in response to Defendant Sperling's motion for summary judgment. (ECF No. 30.)